UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| MELVIN M. JOHNSON Jr., <br><br> Plaintiff, <br><br> v. <br><br> VERONICA GALVAN , <br><br> Defendant. | CASE NO. 3:21-cv-05796-RSM-BAT <br><br> **REPORT AND RECOMMENDATION** |

Plaintiff who is currently confined at Stafford Creek Corrections Center filed a 42 U.S.C. § 1983 complaint against King County Superior Court Judge Veronica Galvan. Dkt. 1 and 9. When a person confined in prison files a complaint, the Court must screen it under 28 U.S.C. § 1915A(a), and must "dismiss the complaint, or any portion of the complaint, if it is: (1) frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." § 1915A(b); *accord* § 1915(e)(2); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998).

For the reasons below, the Court recommends the complaint be dismissed because it is brought against a defendant who is immune from §1983 relief. Although Plaintiff proceeds *pro s*, leave to amend should be denied because the deficiency discussed below cannot be cured by amendment, and amendment would be futile. *See Saul v. United States*, 928 F.2d 829, 843 (9th

REPORT AND RECOMMENDATION - 1

Cir. 1991) (leave to amend need not be granted where amendment would be futile or where the amended complaint would be subject to dismissal).

**DISCUSSION**

Plaintiff alleges that on February 11. 2021, he filed in King County Superior Court several pleadings including a notice challenging the jurisdiction of the sentencing court, and a petition for writ of habeas corpus, and served the pleadings on the Washington Attorney general and the Superior Court. Dkt. 9 at 2-4. The complaint alleges on March 22, 2021, King County Superior Court Judge Veronica Galvan "discontinued" his civil rights lawsuit, thereby suspending the writ of habeas corpus. *Id.* at 4.

As his first ground for relief, Plaintiff avers on March 22, 2021, Judge Galvan denied him a hearing and dismissed his requests for relief thereby violating his due process rights and inflicting a "judicial cognizable injury." *Id. at 5*. As a second ground for relief, Plaintiff avers Judge Galvan's ruling violated a treaty concerning the rights of American Citizens in foreign states. *Id*. at 6. In specific, he argues, by dismissing his civil lawsuit, Judge Galvan failed to protect his rights and defend "sovereign property." *Id.* at 6. As relief, Plaintiff requests $10,000.00 a day; $2.1 million dollars and restoration of his liberty. *Id.* at 7.

Plaintiff also attached to the complaint pleadings that he filed in the state court case Judge Galvan dismissed. *See* Dkt. 9, Exhibit at 7. In a "Notice of Special Appearance," and several separate habeas petitions, Plaintiff contends King County Superior Court lacks the jurisdiction to impose judgment and sentence for aggravated first degree murder in case number 02-1-04644-1-SEA and contends "the judgment and sentence are void for lack of subject matter jurisdiction on the cover of the charging information." *Id.* at 8-18. The Court takes judicial notice that Plaintiff, by counsel, filed a federal writ for petition of habeas corpus in 2009 challenging

1  his judgment and convictions in 02-1-04644-1-SEA for three counts of aggravated murder in the
2  first degree. The District Court denied the habeas petition and dismissed it in 2010, and the Court
3  of Appeals for the Ninth Circuit denied issuance of a certificate appealability in 2011. *See*
4  *Johnson v. Vail*, 2:09-cv-01126-MJP.

5        The complaint should be dismissed with prejudice because Plaintiff is suing an immune
6  defendant. The Defendant is a King County Superior Court Judge. Plaintiff alleges Judge Galvan
7  violated his rights by dismissing the state civil action he submitted for filing in King County
8  Superior Court. Judge Galvan has absolute judicial immunity for dismissing Plaintiff's lawsuit
9  because a dismissal of a lawsuit is an act performed within the judge's judicial capacity. *Mireles*
10 *v. Waco*, 502 U.S. 9, 9–12 (1991); see *Stump v. Sparkman*, 435 U.S. 349 (1978); *accord*
11 *Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam) ("Judges are absolutely
12 immune from damages actions for judicial acts taken within the jurisdiction of their courts.")
13 (citation omitted). Judicial immunity applies even when a judge acts in excess of his or her
14 authority. *Id*. at 356. This strong immunity protects judicial independence by insulating judges
15 from vexatious actions prosecuted by disgruntled litigants. *Forrester v. White*, 484 U.S. 219, 225
16 (1988). This immunity is immunity from suit, not a mere defense to liability, so a defendant with
17 absolute immunity is entitled to dismissal before the commencement of discovery. *Mitchell v.*
18 *Forsyth*, 472 U.S. 511, 526-27 (1985).

19       For the foregoing reasons, the Court recommends the complaint be dismissed with
20 prejudice at this juncture and leave to amend the complaint be denied. The Court also notes
21 Plaintiff filed a deficient application to proceed *in forma pauperis* (IFP). The Court may strike
22 Plaintiff's Proposed Motion for Service by the US Marshal as moot if the recommendation to
23 dismiss the case is adopted. *See* Dkt. 4.

REPORT AND RECOMMENDATION - 3

**OBJECTIONS AND APPEAL**

This Report and Recommendation is not an appealable order. Plaintiff should therefore not file a notice of appeal seeking review in the Court of Appeals for the Ninth Circuit until the assigned District Judge enters a judgment in the case.

Any objection to this report and recommendation must be filed by **December 1, 2021.** The Clerk should note the matter for **December 3, 2021.** The failure to timely object may affect the right to appeal.

DATED this 17th day of November, 2021.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge